IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LUCIANO LOPEZ,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00403 |
| | § | |
| **VINCENTE SOTO,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Luciano Lopez ("Lopez" or "Plaintiff") files his First Amended Complaint against Defendants Vincente Soto and Transfreight Logistics, Inc. Mr. Lopez would respectfully show the Court as follows:

### PARTIES

1. Plaintiff Luciano Lopez is a resident citizen of Fort Bend County, Texas.

2. Defendant Vincente Soto (hereinafter "Defendant Soto") is an individual who resides in Cook County, Illinois. Defendant Soto has already been served and made an appearance through his attorney of record, Bryson Matthews, of The Fuentes Law Firm.

3. Defendant Transfreight Logistics, Inc. (hereinafter "Defendant Transfreight"), is a Illinois company located at 2300 East Higgins Road, Elk Grove Village, Illinois 60007. Service may be made upon Defendant Transfreight through its registered agent, Christian Peneff, located at 1454 Elmhurst Road, Elk Grove Village, Illinois 60007, or wherever found.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit under 28 USC §1331(a) because Plaintiff and Defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. Plaintiff Bobby Lopez is a citizen of Texas.

6. Defendant Soto is a citizen of Illinois. Defendant Soto has appeared and answered through counsel.

7. Defendant Transfreight's state of formation is Illinois with its principal place of business located at 2300 East Higgins Road, Elk Grove Village, Illinois 60007.

8. Venue is proper in this district under 28 USC §1441(a), because this district embraces the place where the original state court action was pending.

## CONDITIONS PRECEDENT

9. All conditions precedent to Mr. Lopez's claims for relief, if any, have been performed or have occurred.

## FACTS

10. On April 30, 2020, at approximately 2:15 P.M. CST, Mr. Lopez was driving on US 59 in Fort Bend County, Texas, when Defendant Soto failed to control his vehicle's speed, failed to keep a proper lookout, and failed to operate his vehicle safely, causing a collision with Mr. Lopez.

11. At that time, Defendant Soto was in the course and scope of his employment with Transfreight.

12. Defendant Soto was also towing a trailer owned by his employer, Defendant Transfreight.

13. Defendant Soto's failure to keep a proper lookout, control his speed, and operate his vehicle safely caused Mr. Lopez to suffer severe personal injuries.

## CAUSES OF ACTION

### COUNT I:
### (Negligence as to Defendant Soto)

14. The preceding paragraphs are incorporated by reference as if restated fully in this Count I verbatim.

15. At the time of the collision and at all relevant times, Mr. Soto's acts and/or omissions constituted negligence. Defendant Soto owed Mr. Lopez and other persons on or about the roadway a duty of ordinary care, that is, a duty to exercise the degree of care that a reasonably prudent professional truck driver and/or motor carrier operator would exercise to avoid an unreasonable risk of harm to others under the same or similar circumstances.

16. Defendant Soto breached his duty of care through his acts and/or omissions, including but not limited to:

   a. Failing to keep a proper lookout;

   b. Failing to control the tractor-trailer, including its speed;

   c. Fatigue, incompetence, or inattention;

   d. Failing to maintain an assured clear distance;

   e. Violating TEX. TRANSP. CODE ANN. §§545.060, 545.062, and 545.351;

      i. Violating Federal Motor Carrier Model Commercial Driver's License Manual § 2.4.1 by failing to look well ahead to ensure enough room to make the intended movement safely;

17. Mr. Lopez's injuries were proximately caused by Defendant Soto's tortious acts and omissions, including those constituting negligence.

3

## COUNT II:
### (Negligence *Per Se* as to Defendant Soto)

18. The preceding paragraphs are incorporated by reference as if restated fully in this Count II verbatim.

19. Defendant Soto also owed a duty of ordinary care to Mr. Lopez and breached this duty of care through the following acts and/or omissions which establish liability for negligence *per se*:

   a. Violating 49 CFR 392.1(a) and 392.2, and Tex. Admin. Code § 4.11(a), by failing to comply with the applicable Federal Motor Carrier Safety Regulations and Texas law, including but not limited to:

      i. Violating 49 CFR 392.3 by operating a commercial motor vehicle while ability or alertness is or is likely to become impaired, through fatigue, illness, or any other cause;

      ii. Violating Texas Commercial Motor Vehicle Handbook 2.4.1 by failing to look far enough ahead and failing to look for traffic, so as to know what traffic is doing on all sides, ensuring there is enough room to safely maneuver, change lanes, or turn;

      iii. Violating Texas Commercial Motor Vehicle Handbook 2.9.6 and 2.10.2 by driving while distracted;

20. Mr. Lopez's injuries were proximately caused by Defendant Soto's tortious acts and/or omissions, including those that constitute negligence per se.

## COUNT III:
### (*Respondeat Superior* liability as to Defendant Transfreight)

21. The preceding paragraphs are incorporated by reference as if restated fully in this

Count III verbatim.

22. At all relevant times, including at the time of the collision, Defendant Soto was an employee of Defendant Transfreight. Defendant Soto was acting within the course and scope of his employment by Transfreight. Defendant Soto was acting within his general authority as an employee of Transfreight in furtherance of Transfreight's business to achieve the object for which Soto was hired pursuant to the Federal Motor Carrier Safety Regulations.

23. Transfreight is a carrier responsible for the acts and omissions of its actual and/or statutory employees, like Defendant Soto, as described above.

24. Moreover, Transfreight is responsible for the acts and omissions of its drivers as a motor carrier pursuant to relevant Texas and Federal regulations.

25. Mr. Lopez's injuries were proximately caused by Defendant Soto's tortious acts and omissions, including his acts and omissions that constitute negligence and negligence *per se*, and therefore, under the doctrine of *respondeat superior* and vicarious liability, Defendant Transfreight is liable to Mr. Lopez for Defendant Soto's tortious acts and omissions.

## COUNT IV
**(Negligence and Negligence *Per Se* as to Transfreight)**

26. The preceding paragraphs are incorporated by reference as if restated fully in this Count IV verbatim.

27. At the time of the collision and at all relevant times, Transfreight's conduct constituted negligence and/or negligence *per se*. Acts and/or omissions by Transfreight, independent of those of its driver, Defendant Soto, violated established industry standards, applicable regulations, and state and federal law.

28. Transfreight owed Mr. Lopez a duty of ordinary care, that is, a duty to exercise the degree of care that a reasonably prudent professional truck-driving business and/or motor carrier

5

operator would exercise to avoid harm to others under the same or similar circumstances.

29. Defendant Transfreight breached its duty of care to Mr. Lopez and is therefore liable to Mr. Lopez by virtue of Transfreight's negligent, negligent *per se*, and reckless acts and/or omissions, including, but not limited to Defendant Transfreight's negligent hiring, negligent supervision, and negligent retention of Defendant Soto, despite the likely risks posed by his hiring and retention. Defendant Transfreight failed to properly train and supervise its drivers/employees and/or failed to hire competent drivers/employees, including Defendant Soto. Upon information and belief, Defendant Transfreight failed to supervise Soto to ensure that he stayed within his maximum hours of service to avoid fatigue, and failed to supervise Soto by ensuring that he did not operate his vehicle while distracted.

30. Defendant Transfreight is liable to Mr. Lopez by virtue of certain negligent, careless, and reckless acts and/or omissions, including, but not limited to the following, each of which establishes liability for negligence and negligence *per se*:

   a. Violating 49 CFR 392.1(a) and 392.2, and Tex. Admin. Code. § 4.11(a), by failing to comply with the applicable Federal Motor Carrier Safety Regulations and Texas law;

   b. Failing to develop, implement, and maintain adequate safety policies and procedures to avoid causing injuries;

   c. Violating 49 CFR 392.3 by requiring or permitting Mr. Soto to operate the Freightliner while his ability or alertness was so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the Freightliner;

   d. Violating 49 CFR 392.1 by failing to instruct Defendant Soto in and comply with

      the applicable Federal Motor Carrier Safety regulations.

    e. Violating 49 CFR 392.2 by failing to ensure that the Freightliner was operated in accordance with the laws, ordinances, and regulations of Texas in compliance with Federal Motor Carrier Safety regulations.

31. Mr. Lopez's injuries were proximately caused by Defendant Transfreight's tortious acts and omissions, including those that constitute negligence and negligence *per se*.

## DAMAGES

32. Mr. Lopez's injuries were proximately caused by Defendants Defendant Soto and Defendant Transfreight's acts and/or omissions that were violations of industry standards, Texas law, and federal law, and that constitute negligence and negligence *per se*. As a proximate result of Defendants' tortious acts and omissions, Mr. Lopez suffered severe personal injuries and damages, including the following:

    a. Past and future medical expenses;

    b. Past and future pain, suffering, and mental anguish; and

    c. Past and future physical impairment.

33. By reason of the above, Mr. Lopez is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

34. Lopez claims $39,138.00 in medical care expense damages sustained in the past.

35. Lopez claims future medical care expenses in the amount of $130,200.

36. Lopez claims past and future pain and suffering not to exceed 1x the total amount of economic damages. To date, Lopez claims $150,000 in past and future pain and suffering.

37. Lopez claims past and future impairment not to exceed 1x the total amount of

economic damages. To date, Lopez claims $150,000 in past and future impairment.

38.     Lopez claims $469,338.00 in the aggregate.

39.     Lopez reserves the right to demand less in damages, or more in damages, based on the evidence discovered during the course of discovery and/or evidence admitted or not admitted at the time of trial.

## JURY DEMAND

40.     Mr. Lopez asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with FED. R. CIV. P. 38, a trial by jury on all issues raised herein.

## RULE 193.7 NOTICE

41.     Mr. Lopez hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## PRAYER

42.     For the reasons discussed herein, Mr. Lopez prays that this court cite Defendants to appear and answer herein and that Mr. Lopez has judgment taken against Defendants and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, exemplary damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Mr. Lopez may show himself justly entitled including but not limited to:

   a. Past and future medical damages;
   b. Past and future physical pain, suffering, and mental anguish;
   c. Past and future impairment;
   d. Costs of Court; and

e. Whatever further relief the Court my deem justly appropriate.

Respectfully submitted,

**DASPIT LAW FIRM**

/s/ *Nathan Surprise*

Nathan Surprise
Texas State Bar No. 24097163
Fed. Bar No. 3684551
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
E-mail: e service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2022, pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, I served a copy of the above on all counsel of record by e-mail.

*Via ECM/ECF:*
Juan Roberto Fuentes
Bryson A. Matthews
The Fuentes Firm, P.C.
5507 Louetta Road, Suite A
Spring, Texas 77379
T: (281)378-7640
F: (281)378-7639
E-mail: juan@fuentesfirm.com
bryson@fuentesfirm.com

9

Dated: March 7, 2022

                         NATHAN SURPRISE
                         DAPSIT LAW FIRM

                         By:   /s/ *Nathan Surprise*
                                 Nathan Surprise

                         *Attorney for Plaintiff*
                         Luciano Lopez